Kristin A. Zilberstein, Esq. (SBN: 47798)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010
Fax: (949) 427-2732
kzilberstein@ghidottilaw.com

Attorney for Secured Creditor
Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust
as Owner Trustee of the Residential Credit Opportunties Trust III

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| In Re: Nikolay Kautsman,<br><br>        Debtor. | CASE NO.: 18-12362<br><br>CHAPTER 13<br><br>**OBJECTION TO CHAPTER 13 PLAN**<br><br>**341(a) Meeting of Creditors:**<br>Date: 7/30/18<br>Time: 9:45 AM<br>Place: US Courthouse, Room 4107<br><br>**Confirmation Hearing:**<br>Date: 8/30/18<br>Time: 9:30 AM<br>Ctrm: Judge Alston's Courtroom<br>Place: U.S. Courthouse, Room 7206<br><br>Judge: Christopher M Alston |

TO ALL PARTIES IN INTEREST AND TO THEIR ATTORNEYS OF RECORD:

Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust as Owner Trustee of the Residential Credit Opportunies Trust III, its successors and/or assignees, ("Secured Creditor") in the above-entitled Bankruptcy proceeding, hereby submits the following Objections to Confirmation of the Chapter 13 Plan proposed by ("Debtor") Nikolay Kautsman.

Secured Creditor is entitled to receive payments pursuant to a Promissory Note which matures on 06/01/2036 and is secured by a Deed of Trust on the subject property commonly known as 11732 167th Ct Ne, Redmond, WA 98052. As of 6/14/18, the approximate amount in default was $405,029.74, as will be described in the forethcoming Proof of Claim which will be filed by Secured Creditor; Secured Creditor files this Objection to protect its interests.

## ARGUMENT

Under 11 U.S.C. §1325, the provisions for plan confirmation in a Chapter 13 have been set. Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtor shall commence making the payments proposed by the Plan within 30 days after the Petition is filed. The Plan must comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed. Based on the foregoing, as more fullyg detailed below, the Plan cannot be confirmed as proposed.

### A. IMPERMISSIBLY MODIFIES SECURED CREDITOR'S RIGHTS

Under 11 U.S.C. §1322(b)(2), a Plan that modifies the rights of a creditor whose claim is secured only by a security interest in real property that is debtor's principal residence is impermissible. The plan lists no arrears arrears when the actual arrears are $405,029.74. That reduction in arrears is an inpermissable modification. The proposed Plan also does not set forth a reasonable schedule and time period for the payment of the arrearages owed to Secured Creditor because Secured Creditor is not included in the Plan. To cure the pre-petition arrearages of $405,029.74 over a 36 month Plan, Secured Creditor must receive a minimum payment of $11,250.82 per month from the Debtor through the Plan. Therefore, the Plan is not feasible.

////

////

////

////

## B. DEBTOR'S PROPOSED CHAPTER 13 PLAN VIOLATES PROVISIONS OF THE FEDERAL BANKRUPTCY CODE AND 9TH CIRCUIT CASE LAW, AND THEREFORE SHOULD NOT BE CONFIRMED - DEBTOR IS REQUIRED TO MAKE EQUAL MONTHLY PAYMENTS TOWARDS THE SECURED CLAIM AMOUNT FOR THE FULL DURATION OF THE PLAN

The Debtor must pay the creditor the secured value of the lien in equal installments over the life of the plan, and not, as Debtor proposes, hopefully pay the value of the secured lien at the end of the plan after an attempt to sell the property. 11 U.S.C. 1325(a)(5)(B) "requires bankruptcy courts to ensure that the property to be distributed to a particular secured creditor over the life of a bankruptcy plan has a total "value, as of the effective date of the plan," that equals or exceeds the value of the creditor's allowed secured claim." *Till v. SCS Credit Corp.,* 541 U.S. 465, 474 (U.S. 2004). Debtor's Plan only offers no payments to Secured Creditor during the approximately 6 months before unconditional relief would be granted, and therefore, would also not be in compliance with this requirement. Even more to the point, 11 U.S.C. 1325(a)(5)(B)(iii)(I) states, "property to be distributed pursuant to this subjection is in the form of periodic payments, such payments shall be in equal monthly amount."

The Plan provides that Debtor will sell the subject property. However, he intends to make no payments in the meantime. He has given himself roughly 3 months to complete the sale if a foreclosure does not occur. As a result, Secured Creditor will have an even larger default when the sale is complete. Further, Secured Creditor will have incurred 6 more months of taxes and insurance expenses without reimbursement. Thus, the Plan is not feasible and cannot be confirmed.

## C. THE PLAN IS NOT CONFIRMABLE BECAUSE IT IS SPECULATIVE

Debtor proposes to pay the full secured claim to Secured Creditor by selling the subject property, if a foreclosure sale is not conducted on a specific date. Secured Creditor objects to this provision as it is too speculative and is not allowed under the Bankruptcy Code and current case law. First, it is not allowed for all the reasons stated above related to required equal

monthly payments towards the secured claim value.  Second, it is too speculative to just state in a plan that the Debtor will try to or sell the properties in order to pay the secured claim.

Secured Creditor objects to this treatment as speculative and prejudicial. Debtor may not premise the cure of Secured Creditor's arrears on a speculative event in the future such as a sale or refinance. Courts have long held that a plan should be not be confirmed where it is proposing a balloon payment or otherwise is contingent on a speculative event to take place in during the life of the plan. See *In Re Gavia* (9th Cir. BAP 1982) 24 BR 573,574; *In Re Nantz* (BC ED MO 1987) 75 BR 617, 618-619; *In Re Fantasia* (1st Cir. BAP 1997) 211 BR 420,424; *In Re Craig* (BC ND OH 1990) 112 BR 224,225.

First, it is unknown if the Debtor will be able to sell the subject property. When the plan proposes to sell or refinance real property in the future, the plan proponent has the burden to produce evidence as to, "past marketing efforts, the state of the market for the subject asset, current sale prospects, the existence and maintenance of any 'equity cushion' in the property, and all other circumstances that bear on whether the creditor will see its way out of the case financially whole." *In re Lindsey*, 183 B.R. 624, 627 (Bankr.D.Idaho 1995), quoting *In re Newton*, 161 B.R. 207, 217-18.

It is well established in the Ninth Circuit that an open-ended Chapter 13 Plan providing for the sale or refinancing of Debtor's property at some point over the term of the plan is unconfirmable, especially where there was no evidence, other than the schedules, as to the fair market value of the property or what the property could actually produce through a sale or refinance. *In re Proudfoot*, 144 B.R. 876 (9th Cir. B.A.P. 1992); *In re Gavia*, 24 B.R. 573 (9th Cir. B.A.P. 1982). This provision puts the feasibility of the entire Plan in question since it is contingent upon a speculative event.  Therefore, the Plan is not feasible.

**D. THE PLAN IS NOT CONFIRMABLE BECAUSE THE CONTINGENT RELIEF IS UNWORKABLE AND NOT AUTHOURIZED BY STATUTE**

The debtor's plan appears to provide contingent relief to Secured Creditor. Relief from the stay is provided so that a foreclosure sale can be conducted on September 28th 2018. If the foreclosure sale is not conducted on September 28th then the relief is revoked. If the foreclosure

sale does not occur on September 28th the debtor gets 3 months to sell the property, while continuing to live in the property, without having to make any payments to secured creditor. On a practical level debtor's plan is confusing. Can creditor file a motion for relief between September 29th and December 31st 2018 since they will be receiving no payments during that time period or does the plan prohibit it? It seems likely for the plan to work the parties would need to discuss short sales. But it seems like the automatic stay is only lifted for one day. The plan says debtors have 3 months to sell the property starting on September 29th if they remain in possession. If the debtor's give up possession without attempting to sell is secured creditor required to wait until January 1st 2019 for relief? This conditional relief is unworkable and not authourized by statute as a way to provide for a secured claim.

Debtor should not be permited to set conditions on Secured Creditor's relief. Debtor's plan either needs to provide Secured Creditor immediate relief to conduct a foreclosure sale or it needs to provide regular payments on secured creditor's claim.

## **CONCLUSION**

Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions

of the Bankruptcy Code. Secured Creditor respectfully requests that confirmation of the Chapter 13 Plan as proposed by the Debtor be denied.

WHEREFORE, Secured Creditor prays as follows:

1. Confirmation of the Proposed Chapter 13 Plan be denied; or, in the alternative,
2. Debtor's plan be amended to reflect the arrears amount listed in Secured Creditor's filed proof of claim
3. For attorneys' fees and costs herein, and

///
///
///
///

5                                                        18-12362
                                                         Objection to Plan
Case 18-12362-CMA    Doc 10    Filed 07/13/18    Ent. 07/13/18 08:03:35    Pg. 5 of 8

4. For such other relief as this Court deems proper.

Dated: July 10, 2018          LAW OFFICES OF MICHELLE GHIDOTTI

                              /s/ Kristin A. Zilberstein
                              Kristin A. Zilberstein, Esq.
                              Counsel for U.S. Bank Trust National
                              Association, as Trustee of the IGSC Series II
                              Trust

| | |
|---|---|
| 1 | Kristin A. Zilberstein (SBN 47798) |
| 2 | LAW OFFICES OF MICHELLE GHIDOTTI |
|   | 1920 Old Tustin Ave. |
| 3 | Santa Ana, CA 92705 |
|   | Ph: (949) 427-2010 |
| 4 | Fax: (949) 427-2732 |
| 5 | mghidotti@ghidottilaw.com |

Attorney for Secured Creditor
Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust III

### UNITED STATES BANKRUPTCY COURT

### WESTERN DISTRICT OF WASHINGTON – SEATTLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | CASE NO.: 18-12362-CMA |
| | ) | |
| Nikolay Kautsman, | ) | CHAPTER 13 |
| | ) | |
| Debtors. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |

## CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is: 1920 Old Tustin Ave., Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

1
CERTIFICATE OF SERVICE

On July 13, 2018 I served the following documents described as:

- **OBJECTION TO CHAPTER 13 PLAN**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor**<br>Nikolay Kautsman<br>11732 167 Ct NE<br>Redmond, WA 98052<br><br>**Debtor's Counsel**<br>Jason E Anderson<br>Law Office of Jason E Anderson<br>5355 Tallman Ave NW Ste 207<br>Seattle, WA 98107 | **Chapter 13 Trustee**<br>K Michael Fitzgerald<br>600 University St #1300<br>Seattle, WA 98101<br><br>**U.S. Trustee**<br>United States Trustee<br>700 Stewart St Ste 5103<br>Seattle, WA 98101 |
|---|---|

__xx___(By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

__xx__(Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on July 13, 2018 at Santa Ana, California

/*s / Jeremy Romero*/
Jeremy Romero